# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
|  |  |  |
|---|---|---|
| HOWMET CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:07-cv-01306 (EGS) |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, and | ) | |
| STEPHEN L. JOHNSON, Administrator, | ) | |
| United States Environmental Protection Agency, | ) | |
| | ) | |
| Defendants. | ) | |

———————————————————————)

## ANSWER AND COUNTERCLAIM

## ANSWER

Defendants United States Environmental Protection Agency ("EPA") and Stephen L. Johnson, Administrator, answer the allegations in the Complaint filed on July 23, 2007, as follows:

## I. ANSWERS TO INTRODUCTION

1.    Paragraph 1 of the Complaint characterizes this action and requires no response.

2.    EPA admits Paragraph 2 of the Complaint.

3.    Paragraph 3 characterizes a Final Decision of the EPA Environmental Appeals Board ("EAB"), In re Howmet Corporation, RCRA (3008) Appeal No. 05-04 (EAB, May 24, 2007), 13 E.A.D. ____ (hereinafter "Final Decision"), which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 3 are inconsistent with the EAB's decision, Defendants deny the allegations.

4.    Paragraph 4 characterizes the EAB's Final Decision, which speaks for itself and

1

is the best evidence of its contents.  To the extent the allegations in Paragraph 4 are inconsistent with the EAB's decision, Defendants deny the allegations.

5.      In response to Paragraph 5 of the Complaint, Defendants admit that the EAB assessed a civil penalty of $309,091 against Howmet for violations of federal and authorized state regulations implementing RCRA, and that the penalty amount was stipulated to by the parties.

6.      Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

## II.  ANSWER TO JURISDICTION AND VENUE

7.      Paragraph 7 of the Complaint characterizes Plaintiff's claims and sets forth conclusions of law to which no response is required.

8.      Paragraph 8 of the Complaint sets forth conclusions of law for which no response is required.

9.      In response to Paragraph 9 of the Complaint, Defendants admit that Defendants EPA and Stephen L. Johnson have business offices in the District of Columbia.  The remainder of Paragraph 9 sets forth conclusions of law to which no response is required.

## III.  ANSWERS TO PARTIES

10.      EPA admits the allegations in Paragraph 10 of the Complaint.

11.      EPA admits the allegations in Paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint characterizes two administrative complaints filed by EPA, which are contained in the administrative record.  The complaints speak for themselves and are the best evidence of their contents.  To the extent the allegations in Paragraph 12 are inconsistent with the administrative complaints, they are denied.

13.    In response to Paragraph 13 of the Complaint, Defendants admit that in 2003 EPA Regions 2 and 6 filed two administrative complaints against Howmet, and that each such action was entitled Complaint and Compliance Order.  EPA further avers that EPA Region 6 filed an Amended Complaint and Compliance Order on or about August 26, 2004.

14.    Defendants admit the allegations in Paragraph 14 of the Complaint.

15.    Paragraph 15 of the Complaint characterizes Plaintiff's claims and therefore requires no response.

## IV.  ANSWERS TO FACTUAL AND PROCEDURAL BACKGROUND

16.    In response to Paragraph 16, EPA admits that Exhibits A and B to the Complaint are copies of the joint factual stipulations filed in the proceedings before the EAB (hereinafter "Stipulations").

17.    Paragraph 17 of the Complaint characterizes the Stipulations, which speak for themselves and are the best evidence of their contents.

18.    Paragraph 18 of the Complaint characterizes the Stipulations, which speak for themselves and are the best evidence of their contents.

19.    Paragraph 19 of the Complaint characterizes the Stipulations, which speak for themselves and are the best evidence of their contents.

20.    Paragraph 20 of the Complaint characterizes the Stipulations, which speak for themselves and are the best evidence of their contents.

21.    Paragraph 21 of the Complaint characterizes the Stipulations, which speak for themselves and are the best evidence of their contents.

22.    Paragraph 22 of the Complaint characterizes the contents of the administrative record which speaks for itself and is the best evidence of its contents.

23.    In response to Paragraph 23, Defendants admit that in 2003, EPA Regions 2 and 6 filed administrative complaints, which speak for themselves and are the best evidence of their contents.  EPA further avers that on or about August 26, 2004, EPA Region 6 filed an amended complaint.

24.    Paragraph 24 of the Complaint characterizes an order, dated September 24, 2004, of the Administrative Law Judge ("ALJ") who presided over EPA's administrative complaints, which is in the administrative record.  The order speaks for itself and is the best evidence of its contents.

25.    Paragraph 25 of the Complaint characterizes the ALJ's "Initial Decision," dated September 30, 2005, which is in the administrative record.  The Initial Decision speaks for itself and is the best evidence of its contents.

26.    Paragraph 26 of the Complaint characterizes the ALJ's Initial Decision, which speaks for itself and is the best evidence of its contents.

27.    EPA admits the allegations in Paragraph 27 of the Complaint.

28.    EPA admits the allegations in Paragraph 28 of the Complaint.

29.    Paragraph 29 of the Complaint characterizes the EAB's Final Decision, which speaks for itself and is the best evidence of its contents.

30.    EPA admits the allegations in Paragraph 30 of the Complaint.


## V.  ANSWERS TO APPLICABLE LAW AND REGULATIONS

31.    The first sentence of Paragraph 31 of the Complaint characterizes RCRA, 42 U.S.C. § 6903(5), an enacted statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with RCRA, EPA denies those

4

allegations.   The second sentence of Paragraph 31 sets forth legal conclusions to which no response is required.  To the extent a response is required, EPA denies the allegations.

32.     Paragraph 32 of the Complaint characterizes RCRA, 42 U.S.C. § 6903(27), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with RCRA, EPA denies those allegations.

33.     Paragraph 33 characterizes a regulation promulgated by EPA under RCRA, 40 C.F.R. § 261.2(c)(1)(B).  This regulation speaks for itself speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, EPA denies those allegations.

34.     Paragraph 34 characterizes a regulation promulgated by EPA under RCRA, 40 C.F.R. § 261.2(c)(1).  This regulation speaks for itself speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, EPA denies those allegations.

## VI.  ANSWERS TO STATEMENT OF CLAIM

### COUNT I

35.     Defendants hereby incorporate and restate their Answers to Paragraphs 1 through 34 of the Complaint.

36.     Paragraph 36 of the Complaint sets forth a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegation.

37.     Paragraph 37 of the Complaint sets forth a conclusion of law for which no response is required.  To the extent a response is required, Defendants deny the allegation.

38.     Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore the allegations are denied.

39.     Defendants lack knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore the allegations are denied.

40.     Paragraph 40 sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendants deny the allegation.

41.     Paragraph 41 sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendants deny the allegation.

The remainder of Count I constitutes Plaintiff's prayers for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

## COUNT II

42.     Defendants hereby incorporate and restate their Answers to Paragraphs 1 through 41 of the Complaint.

43.     Paragraph 43 sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegation.

44.     Paragraph 44 sets forth a conclusion of law to which no response is required. To the extent a response is required, Defendants deny the allegation.

45.     Paragraph 45 sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendants deny the allegations.

46.     Paragraph 46 sets forth conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations.

47.     Paragraph 47 sets forth conclusions of law for which no response is required. To the extent a response is required, Defendants deny the allegations.

48.     Paragraph 48 sets forth conclusions of law for which no response is required. To

the extent a response is required, Defendants deny the allegations.

The remaining allegations of Count II set forth Plaintiff's prayers for relief to which which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

To the extent any allegation in Plaintiff's Complaint has not been admitted or specifically responded to, Defendants deny such allegation.

## DEFENSE

The Complaint fails to state a claim against the Defendants on which relief may be granted.

WHEREFORE, Defendants pray that this Court deny all of Plaintiff's claims for relief, enter judgment in favor of Defendants and against Plaintiff, dismiss Plaintiff's lawsuit, grant Defendants their costs of suit herein, and grant such other relief as the Court may deem just and appropriate.

## COUNTERCLAIM BY DEFENDANTS

The United States of America, on behalf of EPA, files this Counterclaim and alleges as follows:

## NATURE OF THE CASE

1.      This is a civil action for the collection of $308,091, which was assessed as a civil penalty against Howmet pursuant to Section 3008 of RCRA, 42 U.S.C. § 6928.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1355.

3.     Venue is proper pursuant to 28 U.S.C. § 1395 because Howmet may be found in the judicial district.

THE COUNTERCLAIM DEFENDANT

4.     Howmet operates facilities in Dover, New Jersey and Wichita Falls, Texas.

GENERAL ALLEGATIONS

5.     Under Section 3008(a) of RCRA, 42 U.S.C. § 6928(a), a person who violates a provision of subchapter III of RCRA, 42 U.S.C. §§ 6921-6939e, is liable to the United States for a civil penalty not to exceed $25,000 for each day of each violation.  Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, on December 31, 1996, EPA has promulgated regulations increasing the statutory maximum.  40 C.F.R. part 19.

6.     On September 26, 2003, EPA Region 6 filed an administrative Complaint and Compliance Order ("Complaint"), charging Howmet with violating subchapter III of RCRA and its implementing regulations relating to Howmet's hazardous waste management and disposal practices at its Texas facility.  On August 26, 2004, Region 6 amended its Complaint.  On November 3, 2003, EPA Region 2 filed an administrative Complaint and Compliance Order ("Complaint"), charging Howmet with violating subchapter III of RCRA and its implementing regulations relating to Howmet's hazardous waste management and disposal practices at its New Jersey facility.  For the violations alleged in the respective Complaints, Region 6 sought a $255,601 civil penalty and Region 2 sought a $180,021 civil penalty.

7.     By order dated September 16, 2004, an administrative law judge ("ALJ")

8

consolidated the two cases.   On April 25, 2005, the ALJ issued an Order on Motions, finding

Howment liable for the violations alleged in the Regions' Complaints.   On August 25, 2005, the

parties filed a Joint Stipulation on Penalty Amount, stipulating to a penalty of $309,091 for both

facilities.   In an Initial Decision issued on September 30, 2005, the ALJ assessed a civil penalty

of $309,091, based on the findings in its April 25, 2005 Order on Motions and the parties'

Stipulation on Penalty Amount.

9.      Howmet appealed the decision of the ALJ to the EPA Environmental Appeals

Board ("EAB").   On May 24, 2007, the EAB issued and filed a Final Decision affirming the

ALJ's decision in its entirety, and assessing a $309,091 civil penalty against Howmet, to be paid

within thirty (30) days after the filing of the Final Decision.

10.     By Order dated July 3, 2007, the EAB granted Howmet's unopposed motion

staying the penalty pending Howmet's appeal of the EAB's Final Decision, provided Howmet

filed its appeal by July 24, 2007.   The EAB further ordered that the penalty would become due

within thirty (30) days of a decision by the reviewing court, unless the reviewing court orders or

the parties agree otherwise.

<u>CLAIM FOR RELIEF</u>

11.     The allegations set forth in Paragraphs 1 through 10 above, inclusive, are

realleged and incorporated herein by reference.

12.     In the event that this Court affirms the EAB's decision, Howmet is liable to the

United States for payment of the $309,091 civil penalty.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the United States prays that this Court:

1.      Enter judgment in favor of the United States in the amount of $309,091;

2.      Award the United States the costs of this action; and

3.      Grant the United States such other relief as the Court may deem just and proper.


Dated: February 8, 2008                    Respectfully submitted,
                                            RONALD J. TENPAS
                                            Assistant Attorney General
                                            Environment and Natural Resources Division

                                    By:     /s/  Jessica O'Donnell
                                            JESSICA O'DONNELL
                                            U.S. Department of Justice
                                            Environmental Defense Section
                                            P.O. Box 23986
                                            Washington, D.C.  20026-3986
                                            (202) 305-0851 (tel.)
                                            jessica.odonnell@usdoj.gov

                                            Attorney for Defendants
OF COUNSEL:

MARY GLEAVES
U.S. Environmental Protection Agency
Office of General Counsel
Mail Code 2366A
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

AMY CHESTER
U.S. Environmental Protection Agency - Region 2
Office of Regional Counsel
290 Broadway
New York, New York 10007

DAVID GILLESPIE
U.S. Environmental Protection Agency - Region 6
Office of Regional Counsel
Suite 1200 (6RC-EW)
1445 Ross Avenue
Dallas, Texas 75202-2733