**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HOWMET CORPORATION
6450 Rockside Woods
Boulevard S
Independence, Ohio 44131

Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and
STEPHEN L. JOHNSON, Administrator
United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Defendants.

Case No. 1:07-cv-01306 (EGS)

## REPLY TO COUNTERCLAIM

COMES NOW Plaintiff Howmet Corporation ("***Howmet***"), by and through its undersigned counsel, and files this Reply to the Counterclaim of Defendant United States Environmental Protection Agency ("***EPA***"), which was set forth in the Answer served by Defendants EPA and Stephen L. Johnson, EPA Administrator, on February 8, 2008.

## NATURE OF THE CASE

1. Paragraph 1 of Defendant's Counterclaim characterizes the nature of the Counterclaim and requires no response. To the extent a response is required, Plaintiff denies that a penalty of $308,091 was assessed as a civil penalty against Howmet. The correct amount of the penalty assessment at issue in this proceeding is $309,091, as set forth in Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of Defendant's Counterclaim sets forth conclusions of law to which no response is required.

3. Paragraph 3 of Defendant's Counterclaim sets forth conclusions of law to which no response is required.

## THE COUNTERCLAIM DEFENDANT

4. Plaintiff admits the allegations in Paragraph 4 of Defendant's Counterclaim.

## GENERAL ALLEGATIONS

5. Paragraph 5 of Defendant's Counterclaim sets forth conclusions of law to which no response is required and characterizes regulations promulgated by EPA. The regulations speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 5 are inconsistent with EPA's regulations, they are denied.

6. Paragraph 6 of Defendant's Counterclaim characterizes administrative complaints filed by EPA, which are contained in the administrative record. The complaints speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 6 are inconsistent with EPA's administrative complaints, they are denied. To the extent an additional response is required, Plaintiff admits that, in 2003, EPA Regions 2 and 6 each filed a separate administrative complaint against Howmet. Plaintiff further admits that the original "Compliant, Compliance Order and Notice of Opportunity for Hearing" filed by EPA Region 6 was filed in or around September of 2003, and that the original "Compliant, Compliance Order and Notice of Opportunity for Hearing" filed by EPA Region 2 was filed in or around October or November of 2003. Plaintiff further admits that, in or around August of 2004,

EPA Region 6 filed a "First Amended Compliant, Compliance Order and Notice of Opportunity for Hearing."

7. Paragraph 7 of Defendant's Counterclaim characterizes orders and an Initial Decision of an administrative law judge ("***ALJ***"), which are contained in the administrative record. The ALJ's orders and Initial Decision speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 7 are inconsistent with the respective orders and Initial Decision of the ALJ, they are denied. To the extent that an additional response is required, Plaintiff admits that, by order dated September 16, 2004, the ALJ consolidated the then-pending EPA Region 2 and Region 6 enforcement actions brought against Howmet into one case, which was styled *In re Howmet Corporation*, EPA Docket Nos. RCRA-06-2003-0912 and RCRA-02-2004-7102. Plaintiff further admits that the ALJ's "Order on Motions" was issued April 25, 2005. Plaintiff further admits that, on August 25, 2005, Howmet and EPA Regions 2 and 6 jointly filed a "Joint Stipulation on Penalty Amount," stipulating to a total penalty of $309,091 for the consolidated case, with $151,433 being the penalty in the Region 2 case and $157,658 being the penalty in the Region 6 case. Plaintiff further admits that, on September 30, 2005, the ALJ issued his "Initial Decision."

8. Defendant's Counterclaim lacks a paragraph labeled, or otherwise numbered, "Paragraph 8" (i.e., the numbering of the paragraphs in Defendant's Counterclaim skips from 7 to 9).

9. In response to Paragraph 9 of Defendant's Counterclaim, Howmet admits that, on October 31, 2005, it appealed the Initial Decision of the ALJ to the EPA Environmental Appeals Board ("***EAB***"). The remainder of Paragraph 9 of Defendant's Counterclaim characterizes a Final Decision of the EAB, which is contained in the administrative record. The EAB's Final

Decision speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 9 are inconsistent with the EAB's Final Decision, they are denied. To the extent that an additional response is required, Plaintiff admits that, on May 24, 2007, the EAB issued a "Final Decision" in *In re Howmet Corporation*, RCRA (3008) Appeal No. 05-04 (EAB, May 24, 2007), 13 E.A.D. ___. Plaintiff further admits that the EAB's Final Decision upheld the September 30, 2005 "Initial Decision" of the ALJ in *In re Howmet Corporation*, EPA Docket Nos. RCRA-06-2003-0912 and RCRA-02-2004-7102. Plaintiff further admits that, in its Final Decision, the EAB assessed a civil penalty of $309,091 against Howmet.

10. Paragraph 10 of Defendant's Counterclaim characterizes an order of the EAB, which is contained in the administrative record. The order speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 10 are inconsistent with the EAB's order, they are denied. To the extent that an additional response is required, Plaintiff admits that the EAB's "Order Granting Unopposed Motion to Stay Penalty Pending Appeal" was dated July 3, 2007.

**CLAIM FOR RELIEF**

11. Plaintiff hereby incorporates and restates its replies to Paragraphs 1 through 10 of Defendant's Counterclaim.

12. Paragraph 12 of Defendant's Counterclaim sets forth a conclusion of law to which no response is required.

**PRAYER FOR RELIEF**

The remainder of Defendant's Counterclaim constitutes Defendant's Prayer for Relief, to which no response is required. To the extent a response is required, Plaintiff denies that Defendant is entitled to any relief.

**GENERAL DENIAL**

To the extent any allegation in Defendant's Counterclaim has not been admitted, denied, or otherwise specifically responded to, Plaintiff denies such allegation.

**DEFENSE**

Defendant's Counterclaim fails to state a claim against Plaintiff on which relief may be granted.

WHEREFORE, Plaintiff prays that this Court deny all of Defendant's claims for relief; enter judgment in favor of Plaintiff and against Defendant; dismiss Defendant's Counterclaim; grant Plaintiff its costs and expenses incurred herein, including attorneys' fees; and grant such other relief as the Court may deem just and appropriate.

Respectfully Submitted,

Dated: February 26, 2008

/s/ *Bryan J. Moore*

Bryan J. Moore/DC Bar No.: 482591
VINSON & ELKINS L.L.P.
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Telephone: 512.542.8520
Facsimile: 512.236.3329
Email: bmoore@velaw.com

Mara E. Zimmerman/DC Bar No.: 502040
VINSON & ELKINS L.L.P.
The Willard Office Building
1455 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004-1008
Telephone: 202.639.6778
Facsimile: 202.879.8878
Email: mzimmerman@velaw.com

ATTORNEYS FOR PLAINTIFF
HOWMET CORPORATION

Austin 954722_1.DOC