UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOWMET CORP.,
    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and
STEPHEN L. JOHNSON,
ADMINISTRATOR, U.S. EPA,
    Defendants.

Civil Action No. 1:07-cv-01306 (EGS)

**UNOPPOSED MOTION FOR ALLIANCE OF AUTOMOBILE MANUFACTURERS
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

The Alliance of Automobile Manufacturers ("Alliance") is a trade association consisting of ten domestic automobile and light truck manufacturers. For the reasons set forth below, the Alliance respectfully moves this Court for leave to participate as *amicus curiae* and to file an *amicus curiae* brief in conformance with the proposed schedule submitted separately today by plaintiff Howmet Corporation ("Howmet") and defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator, U.S. EPA ("EPA").

Pursuant to Local Rule 7(m), counsel for the Alliance has conferred with counsel for Howmet and EPA regarding this motion. Neither Howmet nor EPA oppose this motion.

A.    **The Alliance has a Significant Interest in the Subject Matter of This Case**

In its Complaint, Plaintiff seeks judicial review of the May 24, 2007 decision of the EPA Environmental Appeals Board ("EAB") in *In re Howmet Corporation*, RCRA (3008) Appeal No. 05-04 (E.A.B., May 24, 2007), 13 E.A.D. \_\_\_\_\_ ("EAB *Howmet* Decision"). The EAB

*Howmet* Decision affirmed a previous Administrative Law Judge decision that Howmet had violated certain provisions of the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992k, as amended by the 1976 Resource Conservation and Recovery Act and the 1984 Hazardous and Solid Waste Amendments ("RCRA"), and regulations implementing RCRA promulgated by EPA. Howmet contends, *inter alia*, that the EAB *Howmet* decision is unlawful because liquid potassium hydroxide ("KOH")--used initially by Howmet for cleaning purposes and later shipped off-site to be used as an additive in fertilizer--was not a "spent material," and thus not a hazardous waste under RCRA and EPA's RCRA hazardous waste regulations. *Howmet* Complaint, Count 2.

General Motors Corporation ("GM"), a member of the Alliance, is currently the appellant in *In re General Motors Automotive-North America*, filed with the EAB on April 7, 2006. *In re General Motors Automotive-North America*, RCRA (3008) 06-02 (E.A B., case awaiting decision). GM's EAB appeal was argued on September 28, 2006, and currently remains pending before the EAB. In *In re General Motors Automotive-North America*, GM has appealed to the EAB an Administrative Law Judge decision raising a legal issue similar to that raised by Howmet in its Complaint, *i.e.,* whether certain products, in GM's case purge solvents used in GM automotive and light truck painting operations, that GM continues to use for other purposes as part of its automobile and light truck manufacturing operations, are "spent materials" under RCRA and EPA's RCRA regulations, and thus subject to regulation as hazardous wastes. GM's EAB appeal is also of concern to other members of the Alliance, which use purge solvents in their car and light truck painting operations in a fashion similar to GM.

In *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 33 (D.D.C. 2002), this Court looked approvingly to a Seventh Circuit stated policy on *amicus* filings, which indicated that *amicus*

*curiae* status should be granted to a party "when the would-be *amicus* has a direct interest in another case, and the case in which he seeks permission to file an *amicus curiae* brief may, by operation of stare decisis or *res judicata,* materially affect that interest." *Nat'l Organization of Women v. Scheidler*, 223 F. 3d 615, 617 (7th Cir. 2000). A decision by this Court in *Howmet* on whether Howmet's KOH is properly classified as a "spent material" under RCRA and EPA's RCRA regulations and therefore a hazardous waste could materially affect GM's and the Alliance's interests in the pending GM EAB appeal in In *Re General Motors Automotive- North America.* Accordingly, the Alliance's request to participate as *amicus curiae* in *Howmet* and to submit an *amicus curiae* brief in conformance with the schedule proposed by Howmet and EPA separately today should be granted.

**B.     The Interests of the Alliance Are Not Represented by Plaintiff or Defendant**

Plaintiff *Howmet* is a manufacturer of casting of aluminum and other alloys. Generally, *Howmet's* interest in this case is the regulatory status under RCRA of KOH used by Howmet to clean metal castings which Howmet then ships off-site for further use in fertilizers. The Alliance represents automobile and light truck manufacturers, which are seeking *amicus curiae* status because of different concerns regarding the regulatory status under RCRA of automobile industry purge solvents used in automobile industry car and light truck painting operations as they continue to be used for other purposes on-site in automobile and light truck manufacturing facilities. Accordingly, Howmet cannot and does not represent the Alliance's interests in this case.

As the federal governmental agency seeking to impose RCRA regulation on automobile industry purge solvents as they continue to be used by Alliance members, EPA does not represent the Alliance's interests. Because the existing parties do not represent the Alliance's

interest in this case, the Alliance's request for *amicus curiae* status and to file an *amicus curiae* brief should be granted.

C.  **The Alliance's Request Is Timely, and the Alliance's Brief Will Be Useful to the Court**

The Alliance is filing this timely motion in conjunction with the response of Plaintiff and Defendants to the Court's "Meet and Confer" Order dated February 27, 2008. Though not required by the rules or decisions of this Court to file this motion at this early juncture of this case, the Alliance is filing at this time in order to provide the maximum notice to Plaintiff and Defendants, and this Court, of its interest in this case, and so as to allow the parties to provide a comprehensive motions/briefing schedule to this Court that incorporates an Alliance *amicus curiae* brief. Accordingly, the Alliance's request is timely.

The Alliance's brief will also be useful to the Court. The EAB *Howmet* decision, and EPA's application of its regulatory definition of solid waste, including its interpretation of the regulatory term "spent materials," could have potentially significant impacts on American industry in contexts that go beyond the factual scenario presented by *Howmet*, where a cleaning product used by Howmet was later used in the production of fertilizer at an off-site production facility. The Alliance's explanation of these potential impacts in an industrial context where automobile industry purge solvents continue to be used at the original manufacturing facility for purposes similar to their original use will be useful to the Court.

*     *     *     *     *

For the reasons set forth above, the Alliance respectfully requests that the Alliance's request to participate as an *amicus curiae* and to submit an *amicus curiae* brief in conformance with the schedule proposal submitted separately today by Howmet and EPA be granted.

                                      Respectfully submitted,

                                      */s/ Donald J. Patterson, Jr.*
                                      Donald J. Patterson, Jr.
                                      (D.C. Bar #367087)
                                      Beveridge & Diamond, P.C.
                                      1350 I Street, N.W.
                                      Suite 700
                                      Washington, D.C.  2005
                                      (202)  789-6032 - telephone
                                      (202)  789-6190 - facsimile

                                      Attorney for Amicus Curiae Applicant the
                                      Alliance of Automobile Manufacturers

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

HOWMET CORP.,
    Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and
STEPHEN L. JOHNSON,
ADMINISTRATOR, U.S. EPA,
    Defendants.

Civil Action No. 1:07-cv-01306 (EGS)

## ORDER

    Pending before the Court is a motion by Alliance of Automobile Manufacturers for leave to appear as *amicus curiae* and to file an *amicus curiae* brief. For good cause shown, the motion for leave to participate as *amicus curiae* is hereby GRANTED and the *amicus curiae* brief shall be filed pursuant to the schedule ordered by this Court.

Date: _____

_____
Honorable Emmet G. Sullivan
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWMET CORP.,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY and<br>STEPHEN L. JOHNSON,<br>ADMINISTRATOR, U.S. EPA,<br>    Defendants. | Civil Action No. 1:07-cv-01306 (EGS) |

## CERTIFICATE OF SERVICE

I hereby certify that the Alliance of Automobile Manufacturer's Motion for Leave to File *Amicus Curiae* Brief, with proposed order, has been filed via email, pursuant to Part I(II)(F) of the "Clerk's Office General Information & Civil Filing Procedures" (Documents Exempt From the CM/ECF System), on this 14th day of April, 2008. In addition, true and correct copies of the foregoing motion were served on the following counsel of record, pursuant to the Federal Rules of Civil Procedure, via e-mail (where e-mail addresses are available and known) and via first-class mail, postage pre-paid.

**Attorneys Representing Plaintiff:**

Bryan J. Moore
VINSON & ELKINS, LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746
(512) 542-8729
Email: bmoore@velaw.com

Mara Elizabeth Zimmerman
VINSON & ELKINS, LLP
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, DC 20004-1008
(202) 639-6778
Email: mzimmerman@velaw.com

**Attorney Representing Defendants:**

Angeline Purdy
U.S. DEPARTMENT OF JUSTICE
Environmental Defense Section
601 D Street, NW
Suite 8000
Washington, DC 20004
(202) 514-0996
Fax: (202) 514-8865
Email: angeline.purdy@usdoj.gov

Date: April 14, 2008

_____
Jennifer Abdella